■ In the Matter of the Claim of MAE PEIRANO, Appellant, against BROOKS TRANSPORTATION Co., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. Decedent was employed as a truck driver's helper. It was his duty to assist in loading and unloading the truck. On April 1, 1952, decedent was standing on the pavement at the rear of the truck guiding heavy parcels to the pavement preparatory to delivering them, by means of a dolly. The parcels were dropped from the truck by a coemployee. After unloading one large carton, which remained on the pavement at the rear of the truck, the coemployee started to drop a second carton. The coemployee testified that he saw decedent slump over the first carton as he dropped the second. Decedent was struck by the second carton. The coemployee, with other assistance, picked decedent up and placed him in a chair. An ambulance was called and upon arrival decedent was pronounced dead. It is undisputed that decedent was suffering from a pre-existing arteriosclerosis. The autopsy report gives the cause of death as cardiac hypertrophy due to antecedent causes, coronary arteriosclerosis, and, as a contributory cause, myocardial fibrosis. The board has found that decedent sustained no accident and that his death was not causally related to his employment. Appellant contends that there is no substantial evidence to overcome the presumption under subdivision 1 of section 21 of the Workmen's Compensation Law. There is conflicting medical testimony. One heart specialist expressed the opinion that decedent was dead before the carton struck him and that he died as a result of his pre-existing heart condition, and that his work had nothing to do with his death. While the decision of the board would seem inconsistent with numerous other decisions which it has made in so-called heart cases upon similar evidence and similar conflicting medical testimony, we may not say as a matter of law that there is no substantial evidence to sustain the board's determination of the questions of fact. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.